𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 ℭ𝔩𝔞𝔦𝔪𝔰

No. 18-335

Filed: October 4, 2018

---

SHARON CLOUD

    Plaintiff,

    v.

UNITED STATES OF AMERICA,

    Defendant.

---

**ORDER DISMISSING COMPLAINT**

**HODGES**, Senior Judge.

Sharon Cloud, a *pro se* plaintiff, seeks relief in this court for her alleged eviction and removal from land that she inherited from her Native American ancestors. In response, the Government moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

For the following reasons, we grant defendant's motions.

**BACKGROUND**

Ms. Cloud's Complaint alleges that she was evicted from her land, apparently related to the "1845 incorporation of the Republic of Texas into the United States of America." Compl. 2. The Complaint states that she seeks liquidated damages, punitive damages, and equitable remedies. Compl. 5. Defendant moved to dismiss her Complaint in May, 2018.

Plaintiff filed an Amended Complaint the following month wherein she now highlights the fact that she is a Native American who inherited land from her ancestors.[1] In support of her claim, Ms. Cloud refers to the "federal Indian trust responsibility," which she contends is a "legal obligation under which the United States has charged itself with moral obligations of the highest responsibility and trust toward Indian tribes." Am. Compl. 2. More specifically, she alleges that the Government has an obligation to protect tribal treaty rights, lands, and assets and asks that the court "carry out the mandates of federal law that is owed to [her]." Am. Compl. 4.

In July 2018, the Government moved to dismiss plaintiff's Amended Complaint for lack of jurisdiction and for failure to state a claim upon which relief could be granted. Responding to that motion, Ms. Cloud stated that she held "[a]llodial title to land" and that the Land Patent was issued to her ancestor in 1845; she accepted the assignment in 2017. Defendant points out in its reply that Ms. Cloud's scant factual assertions or legal analysis cannot serve to establish jurisdiction or confer to her any legal rights in this court.

## DISCUSSION

The Government's Motion to Dismiss the Amended Complaint must be granted for the following reasons:

I. <u>Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction</u>

In deciding a Rule 12(b)(1) motion to dismiss, a court must accept as true all undisputed facts asserted in a complaint and draw all reasonable inferences in favor of the non-moving party. *See Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

The Tucker Act is this court's primary jurisdictional statute. That Act does not of itself create a cause of action, however. *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461 (Fed. Cir. 1998). A plaintiff proceeding under the Tucker Act must identify a separate

---

[1] Ms. Cloud has attached to her Amended Complaint, a "Declaration of Land Patent," which states that her "Homestead" is Houston, Texas, and that she is "[t]he Assignee of the Original Land Patent." Am. Compl. 5.

source of substantive law that creates the right to money damages to invoke the court's jurisdiction over a claim. *Greenlee Cnty., Ariz.v. United States*, 487 F.3d 871, 875 (Fed. Cir. 2007) (citation omitted). *See United States v. Testan*, 424 U.S. 392, 398 (1976).

The Indian Tucker Act authorizes claims by Native American tribes against the Government and grants jurisdiction to this court over claims that otherwise would be cognizable if the claimant were not an Indian tribe. 28 U.S.C. § 1505. Like the Tucker Act, however, the Indian Tucker Act, requires that a plaintiff identify a separate source of law to authorize recovery.

Such a claim cannot rest solely on the general trust relationship that exists between the Government and Native American tribes, however; trust obligations of the United States are established and governed by statute rather than by the common law. *See United States v. Jicarilla Apache Nation*, 564 U.S. 162, 165 (2011).

In any event, individual Native Americans, may not bring claims under the Indian Tucker Act. *See Fields v. United States*, 423 F.2d 380, 383 (1970) (explaining that only a tribe, band, or other identifiable group of American Indians may bring a claim under the Indian Tucker Act).

Claims by *pro se* plaintiffs are held to less stringent standards than those drafted by attorneys, but a Complaint's lack of clarity or a litigant's naiveté cannot create jurisdiction in this court where none otherwise exists. Ms. Cloud's inability to establish a claim for which we have jurisdiction is fatal to her Complaint. *See Bernard v. United States*, 59 Fed. Cl. 497, 500 (2004) (citation omitted).

Not only does Ms. Cloud fail to identify herself as representing a tribe, but also she does not identify a constitutional, statutory, or regulatory provision mandating payment of monetary damages. *See id.* at 502 (dismissing plaintiff's *pro se* claim for lack of subject-matter jurisdiction). For these reasons, we cannot entertain the allegations of her Amended Complaint.[2]

---

[2] This court generally is not authorized "to order equitable relief such as specific performance, a declaratory judgment, or an injunction." *Smalls v. United States*, 87 Fed. Cl. 300, 307 (2009) (citation omitted). This would prevent us from granting plaintiff title to the land in question, if that is the nature of Ms. Cloud's requests. Only as an adjunct to

II.   Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Ms. Cloud's Amended Complaint does not state a claim upon which relief can be granted. A Rule 12(b)(6) motion to dismiss will be granted if the facts asserted in a complaint do not entitle the plaintiff to a legal remedy. *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002). Pursuant to Rule 8(a)(2) of the RCFC, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ms. Cloud's Amended Complaint asks only that the court "carry out the mandates of federal law that is owed to [her]." Aside from that vague request, Ms. Cloud does not provide guidance to assist the court in understanding what she seeks, much less a cause of action.

## CONCLUSION

Defendant's Motions to Dismiss Ms. Cloud's Amended Complaint for lack of subject matter jurisdiction and for failure to state a claim are **GRANTED**. The Clerk of Court will **DISMISS** plaintiff's' Amended Complaint. No costs.

**IT IS SO ORDERED.**

Robert H. Hodges, Jr.

---

our finding that a plaintiff is entitled to relief, and'"[t]o provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment" order equitable relief. *See Pellegrini v. United States*, 103 Fed. Cl. 47, 53 (2012) (quoting 28 U.S.C. § 1491(a)(2) (2006)); *see also McKuhn v. United States*, No. 18–107C, 2018 WL 2126909, at *3 (Fed. Cl. May 9, 2018) (stating that having failed to identify a statute mandating payment of monetary damages, the plaintiff's claim for equitable remedies could not be entertained by the court).